NUMBER 13-06-518-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







IN RE: ROBERT PEREZ






On Petition for Writ of Mandamus






MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Hinojosa and Castillo


Memorandum Opinion by Justice Castillo


 Robert Perez brings this petition for writ of mandamus, requesting this Court to
order the trial court to issue findings of fact and conclusions of law. Perez asserts the
findings were timely requested on June 7, 2006, following his conviction on May 9,
2006, and his sentencing on May 10, 2006. (1) Perez seeks to address the trial court's
alleged refusal to set aside the verdict based on an alleged surprise witness presented
by the State at a sentencing hearing, who was apparently unavailable during the
guilt/innocence phase of trial but who, although a surprise, was "crucial to [Perez's]
defense," and who is now alleged to be available. Perez sought a hearing on his motion
for new trial which he states was based on ineffective assistance of counsel. He
requests "findings of fact and conclusions of law on all issues decided by the trial court
prior to trial, during trial, and subsequently after trial." 

 Perez includes no affidavit or verification with his petition. Pursuant to Tex. R.
App. P. 52.3, "all factual statements in the petition must be verified by affidavit made
on personal knowledge by an affiant competent to testify to the matters stated." 
Additionally, Perez has included no appendix with his petition, as required by Tex. R.
App. P. 52.3(j), and has provided no record to this Court, as required by Tex. R. App. P.
52.7. As such, we find the petition for mandamus to be fatally defective.

 Even if such materials were provided, however, Perez by his own admission
states that the request for findings of fact and conclusions of law was filed on June 7,
2006, a statement undisputed by the real party in interest. A request for findings of
fact and conclusions of law must be made within twenty days after a judgment is
signed. See Tex. R. Civ. P. 296. (2) Perez's request was not timely.

 The petition for writ of mandamus is denied. 


 ERRLINDA CASTILLO

 Justice


 


Do Not Publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 16th day of November, 2006.



 
1. Perez was convicted of a first degree felony of possession with intent to deliver cocaine, and
sentenced to 50 years in the Institutional Division-Texas Department of Criminal Justice. 
2. A non-prevailing party does not forfeit its right to appellate review of an adverse ruling by
failing to request findings of fact and conclusions of law. State v. Cullen, 195 S.W.3d 696,699 (Tex.
Crim. App.2006). If the non-prevailing party fails to make the request, and the trial court does not enter
findings of fact and conclusions of law of its own accord, the non-prevailing party can still appeal any
adverse ruling. Id. In that event, the holding of Ross v. State, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000), will continue to control. Cullen, 195 S.W.3d at 699. Further, the courts are directed to look
to the Texas Rules of Civil Procedure for guidance as to the time to file findings of fact and conclusions
of law. Id. at 699-700.